FILED

IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
2014 SEP -8  PM 12: 53
TAMPA DIVISION

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

MARY TROTTER-CAMPBELL,

Plaintiff,

-vs-

CORINTHIAN COLLEGES, INC. d/b/a
EVEREST UNIVERSITY and
PERFORMANT RECOVERY, INC.,

CASE NO.: 8:14 cv 2235 T 23 EAJ

Defendants.

_____/

## COMPLAINT

       Plaintiff, MARY TROTTER-CAMPBELL, by and through her undersigned

counsel, sues the Defendants, CORINTHIAN COLLEGES, INC. d/b/a EVEREST

UNIVERSITY ("EVEREST") and PERFORMANT TECHNOLOGIES, INC.

("PERFORMANT"), and in support thereof respectfully alleges the following:

1.      Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et*

*seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.*

("FCCPA").

### JURISDICTION AND VENUE

2.      Jurisdiction and venue for purposes of this action are appropriate and conferred by

28 U.S.C.§1331, Federal Question Jurisdiction, as this action involves violations of the TCPA

and/or by F.S. §47.011 and/or by 15 U.S.C. §1332, Diversity Jurisdiction.

3.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is

appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the


TPA-2-5527
$ 400

United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).  See *Mims v. Arrow Fin. Servs., LLC*, ___ U.S. ___, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

4.      Venue is proper in this District because the Plaintiff resides in this District (Hillsborough County) and the Defendant transacts business in Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

5.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

6.      Defendant, EVEREST, is a corporation and a citizen of the State of Delaware with its principal place of business at 6 Hutton Centre Drive, Suite 400, Santa Ana, California.

7.      Defendant, PERFORMANT, is a corporation and a citizen of the State of California with its principal place of business at 333 North Canyons Parkway, Suite 201, Livermore, California.

8.      The conduct of Defendants which gives rise to the cause of action herein alleged occurred in this District, Hillsborough County, Florida.

9.      Defendants, at all times material, were attempting to collect on an  EVEREST account and/or were making calls on an Everest account belonging to "Dimothy Campbell" of whom Plaintiff has been divorced from for some time (hereinafter the "subject Everest account").

10.      Plaintiff has never had an Everest loan, attended Everest University or done business with Everest University. Plaintiff did not co-sign any loans and is not financially responsible in any way for her ex-husband's debts.

11.      EVEREST is the "Owner of the Debt" that is the subject of this Complaint.

12.      The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

13.   EVEREST consented to and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, specifically PERFORMANT.

14.   PERFORMANT is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C §1692(a)(6). PERFORMANT, on behalf of and as agent for EVEREST, sought to collect a debt from the Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

15.   At all times material hereto, PERFORMANT, acted as the agent for EVEREST, and accepted the undertaking whereby PERFORMANT was the agent and EVEREST was the principal in relation to the collection of the subject debt. EVEREST directed and controlled the actions of PERFORMANT in terms of directing the telephone number to call to collect the subject debt by furnishing to PERFORMANT the number to be called and/or by informing PERFORMANT that it was the correct number of the alleged debtor, and/or informing PERFORMANT that it had the consent of the called party to call the telephone number(s) provided.

16.   EVEREST furnished the incorrect number to PERFORMANT knowing that PERFORMANT would rely upon the accuracy of the information conveyed by EVEREST and would call the number furnished to PERFORMANT and as directed to do so by EVEREST. Upon information and belief, the principal-agent relationship by and between EVEREST and PERFORMANT was established through an oral and/or written agreement whereby PERFORMANT was assigned the subject debt for collection (amongst others), and was furnished information (including telephone numbers to call) concerning the debt from

EVEREST, and was directed to initiate collection efforts related to the subject debt in exchange for a payment of a monetary sum. All of the subject calls made by PERFORMANT to the Plaintiffs related to the collection of the subject debt were made on behalf of EVEREST.

17. PERFORMANT harassed and/or knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number (813) 850-5058 from January, 2014 through May, 2014, up to eight (8) times with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiffs over the relevant time period.

18. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) as each time she answered the phone an automated message would immediately begin to play and each message left by PERFORMANT was done so with an artificial and/or prerecorded voice (hereinafter "autodialer calls").

19. Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number was done so without the "prior expressed consent" of the Plaintiff.

20. In approximately January, 2014, Plaintiff began receiving autodialer calls from PERFORMANT on her cellular telephone number, (813) 850-5058, concerning a debt arising out of the subject Everest account for "Dimothy Campbell," of whom Plaintiff has been divorced from for several years.

21.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (813) 850-5058, and was the called party and recipient of PERFORMANT's autodialer calls.

22.     The autodialer calls from PERFORMANT came from telephone numbers which included, but are not limited to: (209) 888-3913 and/or (866) 227-5599.

23.     Shortly after receiving several of these autodialer calls every day from PERFORMANT in January, 2014, and within either the first or second week after calls started, Plaintiff spoke with a representative of Everest and told him that she was divorced from Dimothy Campbell, that he did not resided with her, that Plaintiff personally did not owe them any money, to stop calling her cellular telephone and to take her cellular number off the PERFORMANT's call list.

24.     Despite informing PERFORMANT that she was not the person PERFORMANT was attempting to contact, to stop calling, that she was never an Everest account and did not owe the subject debt, the PERFORMANT's autodialer calls to Plaintiff's cellular phone continued.

25.     While Plaintiff did not keep detailed records of all the autodialer calls made by PERFORMANT to Plaintiff's cellular telephone number, attached hereto as **Exhibit "A"** is a true and correct copy of a snapshot of PERFORMANT's autodialer call frequency for the period of February 14, 2014 through May 5, 2014, showing approximately fifty-eight (58) autodialer calls to Plaintiff's cellular telephone over that period alone.

26.     Attached as **Exhibit "B"** is a true and correct copy of the transcript of the artificial or prerecorded voice message used and left by PERFORMANT during some or all of its autodialer calls to Plaintiff's cellular telephone.

27.     The PERFORMANT has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's

cellular telephone in this case, with no way for the called party and recipient of the calls, or the PERFORMANT, to permit the removal of the incorrect number.

28.     Despite actual knowledge of their wrongdoing, PERFORMANT continued the campaign of autodialer calls, well-beyond January, 2014, when Plaintiff first advised Defendant that they were calling the wrong number, that she did not  and to stop calling Plaintiff.

29.     PERFORMANT's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, explaining to the Defendant that they are the wrong party, do not owe a debt to Defendant, that they do not know the person Defendant is attempting to contact, and advising Defendant to stop calling.

30.     PERFORMANT's corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

31.     PERFORMANT knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the automated calls to stop.

32.     PERFORMANT knowingly employed methods that did not permit the cessation of or suppression of calls to the Plaintiff's cellular telephone.

33.     Plaintiff did not expressly consent to PERFORMANT's placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or the use of an artificial or prerecorded voice prior to PERFORMANT's placement of the calls.

34.     Due to PERFORMANT's constant autodialer calls and demands for payment and/or demands for location information for individuals other than Plaintiff, Plaintiff has suffered

statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA - EVEREST)

Plaintiff incorporates paragraphs one (1) through thirty-four (3) as if fully restated herein.

35.        EVEREST, through its control and agency relationship with PERFORMANT, is responsible for the actions it allowed to be committed under its watch by its agent PERFORMANT.

36.        None of PERFORMANT'S auto-dialer calls placed at the direction and control of EVEREST to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

37.        EVEREST violated the TCPA with respect to each autodialer call made by its agent, PERFORMANT, and also willfully and/or knowingly violated the TCPA with respect to the Plaintiff for each of the auto-dialer calls made by its agent COMMONWEALTH to Plaintiff's cellular telephone and vicariously liable for the actions of its agent committed in the course and scope of its agency.

38.        PERFORMANT repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system, predictive dialer, or prerecorded or artificial voice without Plaintiff's prior express consent at the directions and control of EVEREST in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against EVEREST for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA - EVEREST)

Plaintiff incorporates paragraphs one (1) through thirty-four (34) as if fully restated herein.

39.     At all times relevant to this action EVEREST is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

40.     EVEREST has violated Florida Statute §559.72(7) by their agent, PERFORMANT, willfully communicating with the Plaintiff or any member of Plaintiff's family with such frequency as can reasonably be expected to harass the Plaintiff or her family.

41.     EVEREST has violated Florida Statute §559.72(7) by their agent, PERFORMANT, willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

42.     EVEREST has violated Florida Statute §559.72(9) through its own actions and through the actions of its authorized agent, PERFORMANT, by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate as to Plaintiff.

43.     EVEREST's direct actions, as well as its actions through their agent, PERFORMANT, have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against EVEREST for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### (Violation of the TCPA - PERFORMANT)

Plaintiff incorporates paragraphs one (1) through thirty-four (34) as if fully restated herein.

44.      None of PERFORMANT's auto-dialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

45.      PERFORMANT violated the TCPA with respect to its autodialer calls and willfully and/or knowingly violated the TCPA with respect to the Plaintiff for each of the auto-dialer calls made to Plaintiff's cellular telephone.

46.      PERFORMANT repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system, predictive dialer, or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PERFORMANT for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT V
### (Violation of the FCCPA – PERFORMANT)

Plaintiff incorporates paragraphs one (1) through thirty-four (34) as if fully restated herein.

47.      At all times relevant to this action PERFORMANT is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

48.     PERFORMANT has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff or any member of Plaintiff's family with such frequency as can reasonably be expected to harass the Plaintiffs or their family.

49.     PERFORMANT has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the Plaintiff or any member of Plaintiff's family.

50.     PERFORMANT has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate as to Plaintiff.

51.     PERFORMANT's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PERFORMANT for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT VI**
**(Violations of the FDCPA - PERFORMANT)**

Plaintiff incorporates paragraphs one (1) through thirty-four (34) as if fully restated herein.

52.     At all times relevant to this action, PERFORMANT is subject to and must abide by 15 U.S.C. §1692 et seq.

53.     PERFORMANT has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

54.         PERFORMANT has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

55.         PERFORMANT has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the Plaintiff which they do not owe.

56.         PERFORMANT has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PERFORMANT for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,


/s/ Michael J. Vitoria
Michael J. Vitoria, Esq.
Florida Bar No.: 0135534
Attorney for Plaintiff
Morgan & Morgan, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
Mvitoria@ForThePeople.com

## Trotter- Campbell, Mary (2205311) Call Log

| # | Date | Time | Phone Number | Description |
|---|------|------|--------------|-------------|
| 1 | 2/14/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 2 | 2/17/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 3 | 2/18/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 4 | 2/18/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 5 | 2/20/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 6 | 2/21/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 7 | 2/24/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 8 | 2/25/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 9 | 2/26/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 10 | 2/27/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 11 | 2/28/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 12 | 3/3/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 13 | 3/4/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 14 | 3/5/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 15 | 3/6/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 16 | 3/7/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 17 | 3/10/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 18 | 3/11/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 19 | 3/12/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 20 | 3/13/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 21 | 3/14/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 22 | 3/17/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 23 | 3/18/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 24 | 3/19/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 25 | 3/20/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 26 | 3/21/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 27 | 3/24/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 28 | 3/25/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 29 | 3/26/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 30 | 3/27/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 31 | 3/28/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 32 | 3/31/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 33 | 4/1/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 34 | 4/2/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 35 | 4/3/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 36 | 4/4/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 37 | 4/7/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 38 | 4/8/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 39 | 4/9/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 40 | 4/10/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 41 | 4/11/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 42 | 4/14/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 43 | 4/15/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 44 | 4/16/2014 | 12:57pm | 1(209)858-3919 | Automated |

EXHIBIT
A
tabbies

| 45 | 4/17/2014 | 12:57pm | 1(209)858-3919 | Automated |
|----|-----------|---------|----------------|-----------|
| 46 | 4/18/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 47 | 4/21/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 48 | 4/22/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 49 | 4/23/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 50 | 4/24/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 51 | 4/25/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 52 | 4/28/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 53 | 4/29/2014 | 12:57pm | 1(209)858-3919 | Automated |
| 54 | 4/30/2014 | 12:52pm | 1(209)858-3919 | Automated |
| 55 | 5/1/2014  | 12:52pm | 1(209)858-3919 | Automated |
| 56 | 5/2/2014  | 12:57pm | 1(209)858-3919 | Automated |
| 57 | 5/5/2014  | 12:57pm | 1(209)858-3919 | Automated |
| 58 |           |         |                |           |

RE:      Mary Campbell-2205311
         Client's Voicemail Message

*Hello. This is message is for Dimity Campbell.   If you are not Dimity Campbell please stop this message now.  There will now be a three second pause in the message to allow you to stop this message.  If you are Dimity Campbell please continue to listen to this message.  This is not a sales or marketing message.  By continuing to listen to this message you acknowledge you are Dimity Campbell. You should not listen to this message so that other people can hear it as in contains personal and private information.  There will now be a three second pause to allow you to listen to this message in private.  We are sorry that we missed you.  Performance Technology Incorporated and Great Lakes Education Service Corporation are committed to assisting you. There may be several programs or alternative options available that you are unaware of.  Please call us at 866-227-5599 or visit www.mygreatlakes.org, again the number to reach us is 866-227-5599.  Thank you.*

